# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Michael Mastro

## DEFENDANTS

Bath & Body Works, LLC, Bath & Body Works, Inc., Bath & Body Works Direct, Inc, Bath & Body Works Brand

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Columbus, OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Allan J. Aigeldinger, III, Esq, The Law Offices of Craig A. Altman, 19 S. 21st Street, Philadelphia, PA 19103, 215-569-4488

Attorneys *(If Known)*
Sean T. Stadelman, Esq, Goldberg Segalla, LLP, 1700 Market Street, Suite 1418, Philadelphia, PA 19103, 267-519-6850

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [X] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause:
Plaintiff sustained injuries to his person and residence due to alleged product defect

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Excess of $50,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
July 3, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Sean T. Stadelman, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: <u>3203 S. Juniper St., Philadelphia, PA 19148</u> _____

Address of Defendant: <u>Three Limited Parkway, Columbus, OH 43230</u> _____

Place of Accident, Incident or Transaction: <u>1172 Dublin Court, Williamstown, NJ 08094</u> _____

---

*RELATED CASE IF ANY:*

Case Number: <u>N/A</u> _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

0.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court? — Yes ☐ No ☐

1.  Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☐

2.  Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual? — Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE:

| */s/ Sean T. Stadelman, Esq* | 201636 |
| --- | --- |
| *Attorney-at-Law* <span style="color:red">*(Must sign above)*</span> | *Attorney I.D. # (if applicable)* |

---

**Civil (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 4. Civil Rights
☐ 5. Habeas Corpus
☐ 6. Securities Cases
☐ 7. Social Security Review Cases
☐ 8. Qui Tam Cases
☐ 0. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity    Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*: _____
☒ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____

| | |
| --- | --- |
| *Attorney-at-Law* <span style="color:red">*(Sign here if applicable)*</span> | *Attorney ID # (if applicable)* _____ |

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Mastro<br>3203 S. Juniper Street<br>Philadelphia, PA 19148 | :   CASE NO.<br>:<br>:<br>: |
|           Plaintiff(s), | :<br>:<br>:   **JURY TRIAL DEMANDED** |
|      v. | :<br>: |
| Bath & Body Works, L.L.C.<br>Three Limited Parkway<br>Columbus, OH 43230<br>    and | :<br>:<br>:<br>: |
| Bath & Body Works, Inc.<br>Three Limited Parkway<br>Columbus, OH 43230<br>    and | :<br>:<br>:<br>: |
| Bath & Body Works, Inc., Direct, Inc.<br>Three Limited Parkway<br>Columbus, OH 43230<br>    and | :<br>:<br>:<br>: |
| Bath & Body Works Brand Management, Inc.<br>Three Limited Parkway<br>Columbus, OH 43230<br>    and | :<br>:<br>:<br>: |
| The White Barn Candle Company<br>Seven-Limited Parkway, East<br>Reynoldsburg, OH 43068<br>    and | :<br>:<br>:<br>: |
| The White Barn Candle Co.<br>Seven Limited Parkway, East<br>Reynoldsburg, OH 43068<br>    and | :<br>:<br>:<br>: |
| John Doe Corporation 1 through 5<br>    and | :<br>: |
| John Doe 1 through 5, | :<br>: |
|           Defendant(s) | : |

## NOTICE OF REMOVAL AND COPIES OF ALL PROCESS AND PLEADINGS BY
## THE BATH & BODY WORKS DEFENDANTS

Bath & Body Works, LLC, Bath & Body Works, Inc., Bath & Body Works Direct, Inc. (incorrectly identified as Bath & Body Works, Inc., Direct, Inc.), and Bath & Body Works Brand Management, Inc. (collectively, "the Bath & Body Works Defendants"), by and through counsel at Goldberg Segalla LLP, hereby remove the civil action pending in the Philadelphia County Court of Common Pleas at Case ID 230303577 ("the State Court Action") in accordance with 28 U.S.C. § 1332, as amended, and pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and on the following grounds:

### Nature of Action and Procedural History

1.     On or about March 31, 2023, Michael Mastro ("Plaintiff") commenced the State Court Action by filing a complaint ("Complaint") against numerous named corporate entities, unnamed corporate entities, and unnamed individuals (collectively, "Defendants"). A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.     Plaintiff filed suit against six named defendants, including the Bath & Body Works Defendants. Upon information and belief, and subsequent to a diligent investigation, the two remaining named entities, including The White Barn Candle Company and The White Barn Candle Co., are aliases and/or trade names for one of the Bath & Body Works Defendants.

3.     Plaintiff, a former New Jersey resident, alleges that he lit a candle while inside his New Jersey home, that a defect associated with that candle caused personal injury and his home to catch fire, and that he now lives in Philadelphia. Pursuant to Plaintiff, the Defendants manufactured, designed, marketed, distributed, or sold the candle at issue and should be held liable for his physical injuries and associated property damage. See Exhibit A at ¶¶ 1-21.

- 2 -

4. Upon information and belief, Plaintiff has not served any of the Bath & Body Works Defendants with a copy of the Complaint. Similarly, Plaintiff has not uploaded a proof of service related to any of the Defendants to the applicable electronic docket.

5. Bath & Body Works, LLC is a limited liability company formed in Delaware with a principal place of business in Ohio.

6. Bath & Body Works, Inc. is a publically traded corporation formed under the laws of Delaware with a principal place of business in Ohio.

7. Bath & Body Works Direct, Inc. is a publically traded corporation formed under the laws of Delaware with a principal place of business in Ohio.

8. Bath & Body Works Brand Management, Inc. is a publically traded corporation formed under the laws of Delaware with a principal place of business in Ohio.

9. Plaintiff identifies himself as a resident of Philadelphia, Pennsylvania.

## Timeliness of Removal and Consent

10. Upon information and belief, Plaintiff has not served any of the Defendants with a copy of the Complaint. Moreover, Plaintiff has not uploaded any proof of service contradicting this belief.

11. The Bath & Body Works Defendants filed this petition June 30, 2023.

12. Correspondingly, the Bath & Body Works Defendants waive service of the Complaint and have filed the instant notice before the thirty days prescribed by 27 U.S.C. § 1446(b) lapsed.

**Complete Diversity of Citizenship Exists Between all Defendants and Plaintiff**

13.     28 U.S.C. § 1441(a) provides that a state court action over which a district court of the United States would possess original jurisdiction may be removed to the district court for the district and division embracing the place where the state court action is pending.

14.     A district court shall have original jurisdiction over a proceeding wherein the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

15.     A natural person is deemed to be a citizen of the state where he is domiciled. Swinger v. Allegheny Energy, 540 F.3d 179, 181 (3d Cir. 2008) (citing Gilbert v. David, 235 U.S. 561, 569 (1915).

16.     A corporation shall be deemed to be a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).

17.     Plaintiff is a resident and domiciliary of Pennsylvania.

18.     The Bath & Body Works Defendants are all incorporated in or otherwise formed pursuant to the laws of Delaware and maintain their principal places of business in Ohio.

19.     Defendant John Doe is a fictitious name and shall be disregarded for purposes of diversity. 28 USC § 1441(b)(1).

20.     Pursuant to 28 U.S.C. § 1332, full diversity exists among all parties in this action because all Defendants are incorporated in and maintain their respective principal places of business in states other than Pennsylvania.

**The Amount in Controversy Exceeds $75,000**

21.     If a party seeks the removal of an action based upon diversity of citizenship and demands nonmonetary relief in its initial pleading, the notice of removal may state the amount in

- 4 -

controversy and the action will be removable if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 USC § 1446(c)(2).

22.     A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

23.     "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Auto-Owners Ins. Co. v. Stevens & Ricci, 835 F.3d 388, 401 (3d Cir. 2016)(quoting Angus v. Shirley, 989 F.2d 142, 146 (3d Cir. 1993)).

24.     The Complaint alleges that Plaintiff has "suffered severe and disabling injuries to the bones, muscles, skin, nerves, tendons, ligaments, tissues and blood vessels of his body, including but not limited to burns to his hands, arms, fingers with resultant scarring together with shock, emotional upset and other secondary problems and complications the full extent of which are not yet known and some or all of which are permanent in nature" and further "suffered. . . pain, mental anguish, humiliation, embarrassment, loss of sense of worth and wellbeing, disfigurement, [and an] inability to engage in [his] normal activities and the inability to pursue the normal and ordinary pleasures of life." Exhibit A at ¶20-¶21.

25.     The Complaint further provides that "[Plaintiff] "in the past been, and may continue in the future to be prevented from attending to his normal duties, occupations and avocations thereby losing past and future income". Id.

26.     For this, Plaintiff has asserted open-ended claims with accompanying financial and psychological detriment and requested an amount in excess of $50,000. See Id.

36977369.v1

27.     Likewise, based upon a reasonable reading of the rights litigated, the Court should find by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interests or costs.

28.     Accordingly, it is respectfully submitted that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Plea for Removal**

29.     There is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000; therefore, this Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332 and removal of this action to this Court is proper pursuant to 28 USC § 1441.

30.     The Philadelphia County Court of Common Pleas is located within the United States District Court for the Eastern District of Pennsylvania. Removal is proper to this Court pursuant to 28 USC § 1441(a) because it is the "district and division embracing the place where such action is pending."

31.     Copies of all process and pleadings that have been served in this civil action are attached hereto. In referencing same, Defendants neither concede the sufficiency of service of process nor otherwise waive any defenses, whether related to service of process or otherwise, and reserve all rights in that regard.

32.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly filed with the Court of Common Pleas of Philadelphia County and is being served on Plaintiff.

**WHEREFORE**, the Bath & Body Works Defendants respectfully request that the entire

State Court action under Docket No. 230303577, currently pending in the Court of Common

Pleas of Philadelphia County, be removed to this Court for all further proceedings.

**GOLDBERG SEGALLA LLP**

*/s/ Sean T. Stadelman*

Sean T. Stadelman, Esquire
Attorney ID Nos. 201636
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
(P): 267-519-6800; (F) 267-519-6801
sstadelman@goldbergsegalla.com
*Attorney for Defendants*

Dated: July 3, 2023

36977369.v1

## CERTIFICATE OF SERVICE

I, Sean T. Stadelman, hereby certify that this 3rd day of July 2023, a true and correct copy of the foregoing Notice of Removal was served via the Court's ECF System and email upon the following:

Allan J. Aigeldinger, III, Esq,
The Law Offices of Craig A. Altman, Esquire
19 S. 21st Street
Philadelphia, PA 19103
*Attorneys for Plaintiff*

**GOLDBERG SEGALLA LLP**

Date:    July 3, 2023

*/s/ Sean T. Stadelman*

Sean T. Stadelman, Esquire
*Attorney for Defendants*

# EXHIBIT "A"



MAJOR NON-JURY  Filed and Attested by the
ASSESSMENT OF    Office of Judicial Records
IS REQUIRED      1 MAR 2023 11:52 pm

**LAW OFFICES OF CRAIG A. ALTMAN, ESQUIRE**
**BY:  ALLAN J. AIGELDINGER, III, ESQUIRE**
**I.D. #:   72739**
**19 S. 21st STREET**
**PHILADELPHIA, PA  19103**
**(215)569-4488**                          **ATTORNEY FOR**
                                           **PLAINTIFF(S)**

MICHAEL MASTRO                     :
3203 S. JUNIPER STREET             : PHILADELPHIA COURT OF COMMON
PHILADELPHIA, PA  19148            : PLEAS
                                   :
        vs.                        :
                                   :
                                   :                , TERM, 2023
BATH & BODY WORKS, L.L.C.          :
THREE LIMITED PARKWAY              : NO.
COLUMBUS, OH 43230                 :
        and                        :
BATH & BODY WORKS, INC.            :
THREE LIMITED PARKWAY              :
COLUMBUS, OH 43230                 :
        and                        :
BATH & BODY                        :
WORKS, INC., DIRECT, INC.          :
THREE LIMITED PARKWAY              :
COLUMBUS, OH 43230                 :
        and                        :
BATH & BODY WORKS BRAND            :
MANAGEMENT, INC.                   :
THREE LIMITED PARKWAY              :
COLUMBUS, OH 43230                 :
        and                        :
THE WHITE BARN CANDLE COMPANY      :  .
SEVEN LIMITED PARKWAY, EAST        :
REYNOLDSBURG, OH 43068             :
        and                        :
THE WHITE BARN CANDLE CO.          :
SEVEN LIMITED PARKWAY, EAST        :
REYNOLDSBURG, OH 43068             :
        And                        :
JOHN DOE CORPORATION 1 THROUGH 5   :
        and                        :
JOHN DOE 1 THROUGH 5               :

Case ID: 230303577

## CIVIL ACTION COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

    PHILADELPHIA BAR ASSOCIATION
    LAWYER REFERRAL and INFORMATION SERVICE
    One Reading Center
    Philadelphia, Pennsylvania 19107
    (215) 238-6333
    TTY: (215) 451-6197

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

    ASSOCIACION DE LICENDIADOS DE FILADELFIA
    SERVICIO DE REFENCIA E INFORMACION LEGAL
    One Reading Center
    Filadelfia, Pennsylvania 19107
    Teléfono: (215) 238-6333
    TTY: (215) 451-6197

1.   Plaintiff is an adult individual, residing at the above-captioned address.

2.   Defendant BATH & BODY WORKS, L.L.C. (hereinafter referred to as "D1") upon information and belief, is a business entity licensed to transact business in the Commonwealth of Pennsylvania with its principle place of business at the above-captioned address.

3.   Defendant BATH & BODY WORKS, INC. (hereinafter referred to as "D2") upon information and belief, is a business entity licensed to transact business in the Commonwealth of Pennsylvania with its principle place of business at the above-captioned address.

4.   Defendant BATH & BODY WORKS, INC., DIRECT, INC. (hereinafter referred to as "D3") upon information and belief, is a business entity licensed to transact business in the Commonwealth of Pennsylvania with its principle place of business at the above-captioned address.

5.   Defendant BATH & BODY WORKS BRAND MANAGEMENT, INC. (hereinafter referred to as "D4") upon information and belief, is a business entity licensed to transact business in the Commonwealth of Pennsylvania with its principle place of business at the above-captioned address.

6.   Defendant THE WHITE BARN CANDLE COMPANY (hereinafter referred to as "D5") upon information and belief, is a business entity licensed to transact business in the Commonwealth of

Pennsylvania with its principle place of business at the above-captioned address.

7. Defendant THE WHITE BARN CANDLE CO. (hereinafter referred to as "D6") upon information and belief, is a business entity licensed to transact business in the Commonwealth of Pennsylvania with its principle place of business at the above-captioned address.

8. Defendant JOHN DOE CORPORATION 1 THROUGH 5 (hereinafter referred to as "D7") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address which regularly transacts business in the City and County of Philadelphia, in the Commonwealth of Pennsylvania. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted.

9. Defendant JOHN DOE 1 THROUGH 5 (hereinafter referred to a "D8") is an adult individual, residing at the above-captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been

conducted.

10. At all times material hereto, defendant D1 and/or defendant D2 and/or defendant D3 and/or defendant D4 and/or defendant D5 and/or defendant D6 and/or defendant D7 and/or defendant D8 was in the business of manufacturing, designing, marketing, distributing, and selling candles.

11. At all times material hereto defendant D1 and/or defendant D2 and/or defendant D3 and/or defendant D4 and/or defendant D5 and/or defendant D6 and/or defendant D7 and/or defendant D8 acted and/or failed to act by and through its agents, servants, workmen and/or employees acting and or failing to act in the course and scope of their employment.

12. At all times material hereto plaintiff was the owner and/or in possession of a candle which was manufactured, designed, marketed, distributed, and sold by defendant D1 and/or defendant D2 and/or defendant D3 and/or defendant D4 and/or defendant D5 and/or defendant D6 and/or defendant D7 and/or defendant D8.

13. On or about April 3, 2021 at 1172 Dublin Court, Williamstown, NJ 08094 plaintiff was using the candle when suddenly and without warning the candle broke, exploded, caught fire and/or ignited, causing the premises of 1172 Dublin Court, Williamstown, NJ 08094 and its contents to catch fire and burning the plaintiff, sustaining the injuries set forth below (hereinafter referred to as "incident").

Case ID: 230303577

14. The plaintiff did not alter or in any manner change the character of the aforementioned candle between the time the candle was provided to the plaintiff and the time of the aforementioned fire.

15. At the time and place of the aforementioned incident, the candle in the same condition when it was sold and/or provided to the plaintiff. The condition of the candle remained unchanged at all times mentioned in the complaint and, in particular, when plaintiff sustained injuries in the incident.

16. On April 3, 2021, plaintiff was using the candle for its intended use and was unaware of any defect in the candle or any danger to the plaintiff.

17. When plaintiff sustained the injuries set forth below, the candle was in a defective condition and was unreasonably dangerous. That condition was not known to the plaintiff.

18. The aforementioned incident was caused by the liability producing conduct of defendant D1 and/or defendant D2 and/or defendant D3 and/or defendant D4 and/or defendant D5 and/or defendant D6 and/or defendant D7 and/or defendant D8 and was in no manner due to any act or omission on the part of plaintiff.

19. As a result of the liability producing conduct of the defendants set forth below, Plaintiff suffered severe and disabling injuries to the bones, muscles, skin, nerves, tendons, ligaments, tissues and blood vessels of his body, including but not limited to burns to his hands, arms, fingers with resultant

scarring together with shock, emotional upset and other secondary problems and complications the full extent of which are not yet known and some or all of which are permanent in nature.

20.  As a result of the liability producing conduct of the defendants as set forth below, Plaintiff has in the past been and may continue in the future to be prevented from attending to his normal duties, occupations and avocations thereby losing past and future income.  In addition, he has suffered in the past and may in the future continue to suffer pain, mental anguish, humiliation, embarrassment, loss of sense of worth and well-being, disfigurement, inability to engage in her normal activities and the inability to pursue the normal and ordinary pleasures of life.

21.  As a result of the liability producing conduct of the defendants as set forth below, Plaintiff has in the past required, and may in the future continue to require surgical/medical care and hospitalization including surgical procedures, and he has in the past incurred and may in the future continue to incur substantial expenses for medicine, hospital, medical care, surgery and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure his conditions.

### COUNT I
### PLAINTIFF MICHAEL MASTRO vs. DEFENDANT D1
### STRICT LIABILITY

22.  Plaintiff incorporates paragraphs (1-21) as though set forth at length herein.

Case ID: 230303577

23. Defendant manufactured, designed, marketed, distributed, and sold manufactured and/or prepared the candle hoist purchased by the plaintiff.

24. The incident of April 3, 2021, wherein plaintiff was injured was caused by inadequate warnings and failure to warn the plaintiff of the condition of the candle at the time the candle hoist left the care, custody and control of the defendant which rendered the candle unreasonably dangerous for its intended use.

25. As a result of the inadequate warnings and failure to warn of the candle, defendants are strictly liable to the plaintiff pursuant to Section 402(A) of the Restatement (Second) of Torts for the following reasons:

   a)   Defendant, in the regular course of business, placed the candle into the stream of commerce where it would be used by individuals such as the plaintiff;

   b)   Defendant, in the regular course of business, placed the candle into the stream of commerce in an unreasonably dangerous condition;

   c)   The defective condition of the candle which caused plaintiff's injuries as set forth above existed at the time defendant inspected the candle;

   d)   The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

   e)   At the time of the incident, plaintiff was using the candle as intended by the defendant.

26. Defendant is liable to plaintiff under strict liability in tort as defendant knew and/or should have known that the candle was defective and unsafe for plaintiff to use, and should have warned the plaintiff.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

**COUNT II**
**PLAINTIFF MICHAEL MASTRO vs. DEFENDANT D2**
**STRICT LIABILITY**

27. Plaintiff incorporates paragraphs (1-26) as though set forth at length herein.

28. Defendant manufactured, designed, marketed, distributed, and sold manufactured and/or prepared the candle hoist purchased by the plaintiff.

29. The incident of April 3, 2021, wherein plaintiff was injured was caused by inadequate warnings and failure to warn the plaintiff of the condition of the candle at the time the candle hoist left the care, custody and control of the defendant which rendered the candle unreasonably dangerous for its intended use.

30. As a result of the inadequate warnings and failure to warn of the candle, defendants are strictly liable to the plaintiff pursuant to Section 402(A) of the Restatement (Second) of Torts for the following reasons:

a) Defendant, in the regular course of business, placed the candle into the stream of commerce where it would be used by individuals such as the plaintiff;

b) Defendant, in the regular course of business, placed the candle into the stream of commerce in an unreasonably dangerous condition;

c) The defective condition of the candle which caused plaintiff's injuries as set forth above existed at the time defendant inspected the candle;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e) At the time of the incident, plaintiff was using the candle as intended by the defendant.

31. Defendant is liable to plaintiff under strict liability in tort as defendant knew and/or should have known that the candle was defective and unsafe for plaintiff to use, and should have warned the plaintiff.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

## COUNT III
### PLAINTIFF MICHAEL MASTRO vs. DEFENDANT D3
### STRICT LIABILITY

32. Plaintiff incorporates paragraphs (1-31) as though set

forth at length herein.

33. Defendant manufactured, designed, marketed, distributed, and sold manufactured and/or prepared the candle hoist purchased by the plaintiff.

34. The incident of April 3, 2021, wherein plaintiff was injured was caused by inadequate warnings and failure to warn the plaintiff of the condition of the candle at the time the candle hoist left the care, custody and control of the defendant which rendered the candle unreasonably dangerous for its intended use.

35. As a result of the inadequate warnings and failure to warn of the candle, defendants are strictly liable to the plaintiff pursuant to Section 402(A) of the Restatement (Second) of Torts for the following reasons:

a)   Defendant, in the regular course of business, placed the candle into the stream of commerce where it would be used by individuals such as the plaintiff;

b)   Defendant, in the regular course of business, placed the candle into the stream of commerce in an unreasonably dangerous condition;

c)   The defective condition of the candle which caused plaintiff's injuries as set forth above existed at the time defendant inspected the candle;

d)   The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e)   At the time of the incident, plaintiff was using

the candle as intended by the defendant.

36. Defendant is liable to plaintiff under strict liability in tort as defendant knew and/or should have known that the candle was defective and unsafe for plaintiff to use, and should have warned the plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

### COUNT IV
### PLAINTIFF MICHAEL MASTRO vs. DEFENDANT D4
### STRICT LIABILITY

37. Plaintiff incorporates paragraphs (1-36) as though set forth at length herein.

38. Defendant manufactured, designed, marketed, distributed, and sold manufactured and/or prepared the candle hoist purchased by the plaintiff.

39. The incident of April 3, 2021, wherein plaintiff was injured was caused by inadequate warnings and failure to warn the plaintiff of the condition of the candle at the time the candle hoist left the care, custody and control of the defendant which rendered the candle unreasonably dangerous for its intended use.

40. As a result of the inadequate warnings and failure to warn of the candle, defendants are strictly liable to the plaintiff pursuant to Section 402(A) of the Restatement (Second)

of Torts for the following reasons:

    a)  Defendant, in the regular course of business, placed the candle into the stream of commerce where it would be used by individuals such as the plaintiff;

    b)  Defendant, in the regular course of business, placed the candle into the stream of commerce in an unreasonably dangerous condition;

    c)  The defective condition of the candle which caused plaintiff's injuries as set forth above existed at the time defendant inspected the candle;

    d)  The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

    e)  At the time of the incident, plaintiff was using the candle as intended by the defendant.

41. Defendant is liable to plaintiff under strict liability in tort as defendant knew and/or should have known that the candle was defective and unsafe for plaintiff to use, and should have warned the plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

**COUNT V**
**PLAINTIFF MICHAEL MASTRO vs. DEFENDANT D5**
**STRICT LIABILITY**

42. Plaintiff incorporates paragraphs (1-41) as though set forth at length herein.

43. Defendant manufactured, designed, marketed, distributed, and sold manufactured and/or prepared the candle hoist purchased by the plaintiff.

44. The incident of April 3, 2021, wherein plaintiff was injured was caused by inadequate warnings and failure to warn the plaintiff of the condition of the candle at the time the candle hoist left the care, custody and control of the defendant which rendered the candle unreasonably dangerous for its intended use.

45. As a result of the inadequate warnings and failure to warn of the candle, defendants are strictly liable to the plaintiff pursuant to Section 402(A) of the Restatement (Second) of Torts for the following reasons:

a) Defendant, in the regular course of business, placed the candle into the stream of commerce where it would be used by individuals such as the plaintiff;

b) Defendant, in the regular course of business, placed the candle into the stream of commerce in an unreasonably dangerous condition;

c) The defective condition of the candle which caused plaintiff's injuries as set forth above existed at the time defendant inspected the candle;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e)  At the time of the incident, plaintiff was using the candle as intended by the defendant.

46. Defendant is liable to plaintiff under strict liability in tort as defendant knew and/or should have known that the candle was defective and unsafe for plaintiff to use, and should have warned the plaintiff.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just.  Said amount is in excess of this jurisdictions compulsory arbitration limits.

### COUNT VI
### PLAINTIFF MICHAEL MASTRO vs. DEFENDANT D6
### STRICT LIABILITY

47.  Plaintiff incorporates paragraphs (1-46) as though set forth at length herein.

48. Defendant manufactured, designed, marketed, distributed, and sold manufactured and/or prepared the candle hoist purchased by the plaintiff.

49. The incident of April 3, 2021, wherein plaintiff was injured was caused by inadequate warnings and failure to warn the plaintiff of the condition of the candle at the time the candle hoist left the care, custody and control of the defendant which rendered the candle unreasonably dangerous for its intended use.

50. As a result of the inadequate warnings and failure to warn of the candle, defendants are strictly liable to the

Case ID: 230303577

plaintiff pursuant to Section 402(A) of the Restatement (Second) of Torts for the following reasons:

a) Defendant, in the regular course of business, placed the candle into the stream of commerce where it would be used by individuals such as the plaintiff;

b) Defendant, in the regular course of business, placed the candle into the stream of commerce in an unreasonably dangerous condition;

c) The defective condition of the candle which caused plaintiff's injuries as set forth above existed at the time defendant inspected the candle;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e) At the time of the incident, plaintiff was using the candle as intended by the defendant.

51. Defendant is liable to plaintiff under strict liability in tort as defendant knew and/or should have known that the candle was defective and unsafe for plaintiff to use, and should have warned the plaintiff.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

## COUNT VII
## PLAINTIFF MICHAEL MASTRO vs. DEFENDANT D7
## STRICT LIABILITY

52. Plaintiff incorporates paragraphs (1-51) as though set forth at length herein.

53. Defendant manufactured, designed, marketed, distributed, and sold manufactured and/or prepared the candle hoist purchased by the plaintiff.

54. The incident of April 3, 2021, wherein plaintiff was injured was caused by inadequate warnings and failure to warn the plaintiff of the condition of the candle at the time the candle hoist left the care, custody and control of the defendant which rendered the candle unreasonably dangerous for its intended use.

55. As a result of the inadequate warnings and failure to warn of the candle, defendants are strictly liable to the plaintiff pursuant to Section 402(A) of the Restatement (Second) of Torts for the following reasons:

a) Defendant, in the regular course of business, placed the candle into the stream of commerce where it would be used by individuals such as the plaintiff;

b) Defendant, in the regular course of business, placed the candle into the stream of commerce in an unreasonably dangerous condition;

c) The defective condition of the candle which caused plaintiff's injuries as set forth above existed at the time defendant inspected the candle;

Case 2:23-cv-02550-JDS Document 1 Filed 07/02/23 Page 30 of 55

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e) At the time of the incident, plaintiff was using the candle as intended by the defendant.

56. Defendant is liable to plaintiff under strict liability in tort as defendant knew and/or should have known that the candle was defective and unsafe for plaintiff to use, and should have warned the plaintiff.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

### COUNT VIII
### PLAINTIFF MICHAEL MASTRO vs. DEFENDANT D8
### STRICT LIABILITY

57. Plaintiff incorporates paragraphs (1-56) as though set forth at length herein.

58. Defendant manufactured, designed, marketed, distributed, and sold manufactured and/or prepared the candle hoist purchased by the plaintiff.

59. The incident of April 3, 2021, wherein plaintiff was injured was caused by inadequate warnings and failure to warn the plaintiff of the condition of the candle at the time the candle hoist left the care, custody and control of the defendant which rendered the candle unreasonably dangerous for its intended use.

Case ID: 230303577

60. As a result of the inadequate warnings and failure to warn of the candle, defendants are strictly liable to the plaintiff pursuant to Section 402(A) of the Restatement (Second) of Torts for the following reasons:

a) Defendant, in the regular course of business, placed the candle into the stream of commerce where it would be used by individuals such as the plaintiff;

b) Defendant, in the regular course of business, placed the candle into the stream of commerce in an unreasonably dangerous condition;

c) The defective condition of the candle which caused plaintiff's injuries as set forth above existed at the time defendant inspected the candle;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e) At the time of the incident, plaintiff was using the candle as intended by the defendant.

61. Defendant is liable to plaintiff under strict liability in tort as defendant knew and/or should have known that the candle was defective and unsafe for plaintiff to use, and should have warned the plaintiff.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this

jurisdictions compulsory arbitration limits.

## COUNT IX
### PLAINTIFF MICAHEL MASTRO vs. DEFENDANT D1
### BREACH OF WARRANTY

62. Plaintiff incorporates paragraphs (1-61) as though set forth at length herein.

63. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the defendant's breach of express and/or implied warranties of merchantability and fitness for a particular purpose in the following manner:

a) Defendant did not have the candle adequately and properly inspected prior to its use;

b) The candle was not of a fair or of average quality or trade product Defendant normally dealt;

c) The candle was not fit for the ordinary purpose for which it was intended;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e) The defendant knew or should have known that the candle was dangerous and likely to cause damage to the user;

f) The candle was not of merchantable quality nor did it conform to the safety standards for candles used in the normal course of business;

g) The defendant knew and/or should have known that in order to make the candle safe for its use, the plaintiff should

have been provided with appropriate warnings;

h) That the candle was not properly and adequately inspected and/or prepared by the defendant in order to provide a safe product;

i) The defendant did not provide, establish or follow proper and/or adequate quality control methods in the providing of the candle;

j) The defendant did not disclose to the user or consumer of the candle, such as the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

k) The defendant knew and/or should have known that the plaintiff was relying on the expertise of the defendant in supplying the candle;

l) In expressly and/or impliedly warranting that the candle was properly and/or adequately prepared and inspected when the same was not true;

m) In expressly and/or impliedly warranting that the candle was safe for its intended use;

n) In expressly and/or impliedly misrepresenting that the candle was safe for its intended use;

o) In expressly and/or impliedly warranting that the candle was safe for use in compliance with the safety standards of the industry, of the federal government and the state, county and city governments, in so far as safety standards govern this

product.

64. As a direct and proximate result of the breach of
express and/or implied warranties, plaintiff has suffered the
injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and
against the defendant, in an amount in excess of Fifty Thousand
Dollars ($ 50,000.00) together with costs, interest and other
relief as is proper and just. Said amount is in excess of this
jurisdictions compulsory arbitration limits.

### COUNT X
### PLAINTIFF MICAHEL MASTRO vs. DEFENDANT D2
### BREACH OF WARRANTY

65. Plaintiff incorporates paragraphs (1-64) as though set
forth at length herein.

66. All the resultant losses, damages, and injuries
sustained by plaintiff, as set forth above, were directly and
proximately caused by the defendant's breach of express and/or
implied warranties of merchantability and fitness for a
particular purpose in the following manner:

a) Defendant did not have the candle adequately and
properly inspected prior to its use;

b) The candle was not of a fair or of average quality
or trade product Defendant normally dealt;

c) The candle was not fit for the ordinary purpose for
which it was intended;

d) The defective condition of the candle proximately

Case ID: 230303577

caused the incident and the injuries sustained by the plaintiff;

e) The defendant knew or should have known that the candle was dangerous and likely to cause damage to the user;

f) The candle was not of merchantable quality nor did it conform to the safety standards for candles used in the normal course of business;

g) The defendant knew and/or should have known that in order to make the candle safe for its use, the plaintiff should have been provided with appropriate warnings;

h) That the candle was not properly and adequately inspected and/or prepared by the defendant in order to provide a safe product;

i) The defendant did not provide, establish or follow proper and/or adequate quality control methods in the providing of the candle;

j) The defendant did not disclose to the user or consumer of the candle, such as the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

k) The defendant knew and/or should have known that the plaintiff was relying on the expertise of the defendant in supplying the candle;

l) In expressly and/or impliedly warranting that the candle was properly and/or adequately prepared and inspected when the same was not true;

m)  In expressly and/or impliedly warranting that the
candle was safe for its intended use;

n)  In expressly and/or impliedly misrepresenting that
the candle was safe for its intended use;

o)  In expressly and/or impliedly warranting that the
candle was safe for use in compliance with the safety standards
of the industry, of the federal government and the state, county
and city governments, in so far as safety standards govern this
product.

67.  As a direct and proximate result of the breach of
express and/or implied warranties, plaintiff has suffered the
injuries and damages more fully set forth above.

**WHEREFORE**, Plaintiff demands judgment in his favor and
against the defendant, in an amount in excess of Fifty Thousand
Dollars ($ 50,000.00) together with costs, interest and other
relief as is proper and just.  Said amount is in excess of this
jurisdictions compulsory arbitration limits.

**COUNT XI**
**PLAINTIFF MICAHEL MASTRO vs. DEFENDANT D3**
**BREACH OF WARRANTY**

68.  Plaintiff incorporates paragraphs (1-67) as though set
forth at length herein.

69.  All the resultant losses, damages, and injuries
sustained by plaintiff, as set forth above, were directly and
proximately caused by the defendant's breach of express and/or
implied warranties of merchantability and fitness for a

particular purpose in the following manner:

a)     Defendant did not have the candle adequately and properly inspected prior to its use;

b)     The candle was not of a fair or of average quality or trade product Defendant normally dealt;

c)     The candle was not fit for the ordinary purpose for which it was intended;

d)     The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e)     The defendant knew or should have known that the candle was dangerous and likely to cause damage to the user;

f)     The candle was not of merchantable quality nor did it conform to the safety standards for candles used in the normal course of business;

g)     The defendant knew and/or should have known that in order to make the candle safe for its use, the plaintiff should have been provided with appropriate warnings;

h)     That the candle was not properly and adequately inspected and/or prepared by the defendant in order to provide a safe product;

i)     The defendant did not provide, establish or follow proper and/or adequate quality control methods in the providing of the candle;

j)     The defendant did not disclose to the user or consumer of the candle, such as the plaintiff, that the candle

was defectively and/or unreasonably prepared thereby making the product dangerous to use;

k) The defendant knew and/or should have known that the plaintiff was relying on the expertise of the defendant in supplying the candle;

l) In expressly and/or impliedly warranting that the candle was properly and/or adequately prepared and inspected when the same was not true;

m) In expressly and/or impliedly warranting that the candle was safe for its intended use;

n) In expressly and/or impliedly misrepresenting that the candle was safe for its intended use;

o) In expressly and/or impliedly warranting that the candle was safe for use in compliance with the safety standards of the industry, of the federal government and the state, county and city governments, in so far as safety standards govern this product.

70. As a direct and proximate result of the breach of express and/or implied warranties, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

Case ID: 230303577

Case 2:23-cv-02550-JS Document 1 Filed 07/03/23 Page 39 of 65

## COUNT XII
## PLAINTIFF MICAHEL MASTRO vs. DEFENDANT D4
### BREACH OF WARRANTY

71. Plaintiff incorporates paragraphs (1-70) as though set forth at length herein.

72. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the defendant's breach of express and/or implied warranties of merchantability and fitness for a particular purpose in the following manner:

a) Defendant did not have the candle adequately and properly inspected prior to its use;

b) The candle was not of a fair or of average quality or trade product Defendant normally dealt;

c) The candle was not fit for the ordinary purpose for which it was intended;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e) The defendant knew or should have known that the candle was dangerous and likely to cause damage to the user;

f) The candle was not of merchantable quality nor did it conform to the safety standards for candles used in the normal course of business;

g) The defendant knew and/or should have known that in order to make the candle safe for its use, the plaintiff should have been provided with appropriate warnings;

h)    That the candle was not properly and adequately inspected and/or prepared by the defendant in order to provide a safe product;

i)    The defendant did not provide, establish or follow proper and/or adequate quality control methods in the providing of the candle;

j)    The defendant did not disclose to the user or consumer of the candle, such as the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

k)    The defendant knew and/or should have known that the plaintiff was relying on the expertise of the defendant in supplying the candle;

l)    In expressly and/or impliedly warranting that the candle was properly and/or adequately prepared and inspected when the same was not true;

m)    In expressly and/or impliedly warranting that the candle was safe for its intended use;

n)    In expressly and/or impliedly misrepresenting that the candle was safe for its intended use;

o)    In expressly and/or impliedly warranting that the candle was safe for use in compliance with the safety standards of the industry, of the federal government and the state, county and city governments, in so far as safety standards govern this product.

Case ID: 230303577

73. As a direct and proximate result of the breach of express and/or implied warranties, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

### COUNT XIII
### PLAINTIFF MICAHEL MASTRO vs. DEFENDANT D5
### BREACH OF WARRANTY

74. Plaintiff incorporates paragraphs (1-73) as though set forth at length herein.

75. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the defendant's breach of express and/or implied warranties of merchantability and fitness for a particular purpose in the following manner:

a) Defendant did not have the candle adequately and properly inspected prior to its use;

b) The candle was not of a fair or of average quality or trade product Defendant normally dealt;

c) The candle was not fit for the ordinary purpose for which it was intended;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e) The defendant knew or should have known that the candle was dangerous and likely to cause damage to the user;

f) The candle was not of merchantable quality nor did it conform to the safety standards for candles used in the normal course of business;

g) The defendant knew and/or should have known that in order to make the candle safe for its use, the plaintiff should have been provided with appropriate warnings;

h) That the candle was not properly and adequately inspected and/or prepared by the defendant in order to provide a safe product;

i) The defendant did not provide, establish or follow proper and/or adequate quality control methods in the providing of the candle;

j) The defendant did not disclose to the user or consumer of the candle, such as the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

k) The defendant knew and/or should have known that the plaintiff was relying on the expertise of the defendant in supplying the candle;

l) In expressly and/or impliedly warranting that the candle was properly and/or adequately prepared and inspected when the same was not true;

m) In expressly and/or impliedly warranting that the

candle was safe for its intended use;

n) In expressly and/or impliedly misrepresenting that the candle was safe for its intended use;

o) In expressly and/or impliedly warranting that the candle was safe for use in compliance with the safety standards of the industry, of the federal government and the state, county and city governments, in so far as safety standards govern this product.

76. As a direct and proximate result of the breach of express and/or implied warranties, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

### COUNT XIV
### PLAINTIFF MICAHEL MASTRO vs. DEFENDANT D6
### BREACH OF WARRANTY

77. Plaintiff incorporates paragraphs (1-76) as though set forth at length herein.

78. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the defendant's breach of express and/or implied warranties of merchantability and fitness for a particular purpose in the following manner:

a) Defendant did not have the candle adequately and properly inspected prior to its use;

b) The candle was not of a fair or of average quality or trade product Defendant normally dealt;

c) The candle was not fit for the ordinary purpose for which it was intended;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e) The defendant knew or should have known that the candle was dangerous and likely to cause damage to the user;

f) The candle was not of merchantable quality nor did it conform to the safety standards for candles used in the normal course of business;

g) The defendant knew and/or should have known that in order to make the candle safe for its use, the plaintiff should have been provided with appropriate warnings;

h) That the candle was not properly and adequately inspected and/or prepared by the defendant in order to provide a safe product;

i) The defendant did not provide, establish or follow proper and/or adequate quality control methods in the providing of the candle;

j) The defendant did not disclose to the user or consumer of the candle, such as the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the

product dangerous to use;

k)  The defendant knew and/or should have known that the plaintiff was relying on the expertise of the defendant in supplying the candle;

l)  In expressly and/or impliedly warranting that the candle was properly and/or adequately prepared and inspected when the same was not true;

m)  In expressly and/or impliedly warranting that the candle was safe for its intended use;

n)  In expressly and/or impliedly misrepresenting that the candle was safe for its intended use;

o)  In expressly and/or impliedly warranting that the candle was safe for use in compliance with the safety standards of the industry, of the federal government and the state, county and city governments, in so far as safety standards govern this product.

79. As a direct and proximate result of the breach of express and/or implied warranties, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

Case ID: 230303577

## COUNT XV
## PLAINTIFF MICAHEL MASTRO vs. DEFENDANT D7
## BREACH OF WARRANTY

80. Plaintiff incorporates paragraphs (1-79) as though set forth at length herein.

81. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the defendant's breach of express and/or implied warranties of merchantability and fitness for a particular purpose in the following manner:

a)   Defendant did not have the candle adequately and properly inspected prior to its use;

b)   The candle was not of a fair or of average quality or trade product Defendant normally dealt;

c)   The candle was not fit for the ordinary purpose for which it was intended;

d)   The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e)   The defendant knew or should have known that the candle was dangerous and likely to cause damage to the user;

f)   The candle was not of merchantable quality nor did it conform to the safety standards for candles used in the normal course of business;

g)   The defendant knew and/or should have known that in order to make the candle safe for its use, the plaintiff should have been provided with appropriate warnings;

h)   That the candle was not properly and adequately inspected and/or prepared by the defendant in order to provide a safe product;

i)   The defendant did not provide, establish or follow proper and/or adequate quality control methods in the providing of the candle;

j)   The defendant did not disclose to the user or consumer of the candle, such as the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

k)   The defendant knew and/or should have known that the plaintiff was relying on the expertise of the defendant in supplying the candle;

l)   In expressly and/or impliedly warranting that the candle was properly and/or adequately prepared and inspected when the same was not true;

m)   In expressly and/or impliedly warranting that the candle was safe for its intended use;

n)   In expressly and/or impliedly misrepresenting that the candle was safe for its intended use;

o)   In expressly and/or impliedly warranting that the candle was safe for use in compliance with the safety standards of the industry, of the federal government and the state, county and city governments, in so far as safety standards govern this product.

Case ID: 230303577

candle was safe for its intended use;

n)   In expressly and/or impliedly misrepresenting that
the candle was safe for its intended use;

o)   In expressly and/or impliedly warranting that the
candle was safe for use in compliance with the safety standards
of the industry, of the federal government and the state, county
and city governments, in so far as safety standards govern this
product.

85. As a direct and proximate result of the breach of
express and/or implied warranties, plaintiff has suffered the
injuries and damages more fully set forth above.

**WHEREFORE**, Plaintiff demands judgment in his favor and
against the defendant, in an amount in excess of Fifty Thousand
Dollars ($ 50,000.00) together with costs, interest and other
relief as is proper and just.  Said amount is in excess of this
jurisdictions compulsory arbitration limits.

### COUNT XVII
### PLAINTIFF MICHALE MASTRO vs. DEFENDANT D1
### NEGLIGENCE

86. Plaintiff incorporates paragraphs (1-85) as though set
forth at length herein.

87. The defendant is vicariously liable for the acts and/or
omissions of its agents, servants, workmen and/or employees under
the doctrine of respondeat superior.

88. All the resultant losses, damages, and injuries
sustained by plaintiff, as set forth above, were directly and

82. As a direct and proximate result of the breach of express and/or implied warranties, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

**COUNT XVI**
**PLAINTIFF MICAHEL MASTRO vs. DEFENDANT D8**
**BREACH OF WARRANTY**

83. Plaintiff incorporates paragraphs (1-82) as though set forth at length herein.

84. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the defendant's breach of express and/or implied warranties of merchantability and fitness for a particular purpose in the following manner:

a) Defendant did not have the candle adequately and properly inspected prior to its use;

b) The candle was not of a fair or of average quality or trade product Defendant normally dealt;

c) The candle was not fit for the ordinary purpose for which it was intended;

d) The defective condition of the candle proximately caused the incident and the injuries sustained by the plaintiff;

e)     The defendant knew or should have known that the candle was dangerous and likely to cause damage to the user;

f)     The candle was not of merchantable quality nor did it conform to the safety standards for candles used in the normal course of business;

g)     The defendant knew and/or should have known that in order to make the candle safe for its use, the plaintiff should have been provided with appropriate warnings;

h)     That the candle was not properly and adequately inspected and/or prepared by the defendant in order to provide a safe product;

i)     The defendant did not provide, establish or follow proper and/or adequate quality control methods in the providing of the candle;

j)     The defendant did not disclose to the user or consumer of the candle, such as the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

k)     The defendant knew and/or should have known that the plaintiff was relying on the expertise of the defendant in supplying the candle;

l)     In expressly and/or impliedly warranting that the candle was properly and/or adequately prepared and inspected when the same was not true;

m)     In expressly and/or impliedly warranting that the

proximately caused by the careless and negligent conduct of the defendant in the following manner:

    a)  Failing to properly and/or adequately warn the plaintiff of the dangerous condition of the candle;

    b)  Failing to properly and/or adequately train and/or monitor and/or control its employees;

    c)  Failing to disclose to the plaintiff that the candle was defective and/or unreasonably dangerous;

    d)  Failing to properly and/or adequately manufacture the candle;

    e)  Failing to properly and/or adequately inspect the candle;

    f) Failing to properly and/or adequately design the candle;

    g)  Failing to provide, establish and/or follow proper and/or adequate quality control methods in the providing of the candle;

    h)  Failing to disclose to the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

    i)  Failing to exercise reasonable care in the manufacturing, designing and/or selling the candle;

    j)  Res Ipsa Loquitur;

    k) Engaging in activities that caused the candle to break, explode and/or ignite.

Case 2:23-cv-02555-DS Document 1 Filed 07/03/23 Page 52 of 65

89. As a direct and proximate result of the careless and negligent conduct as aforesaid, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

## COUNT XVIII
### PLAINTIFF MICHALE MASTRO vs. DEFENDANT D2
### NEGLIGENCE

90. Plaintiff incorporates paragraphs (1-89) as though set forth at length herein.

91. The defendant is vicariously liable for the acts and/or omissions of its agents, servants, workmen and/or employees under the doctrine of respondeat superior.

92. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the careless and negligent conduct of the defendant in the following manner:

a) Failing to properly and/or adequately warn the plaintiff of the dangerous condition of the candle;

b) Failing to properly and/or adequately train and/or monitor and/or control its employees;

c) Failing to disclose to the plaintiff that the candle was defective and/or unreasonably dangerous;

d) Failing to properly and/or adequately manufacture the candle;

e) Failing to properly and/or adequately inspect the candle;

f) Failing to properly and/or adequately design the candle;

g) Failing to provide, establish and/or follow proper and/or adequate quality control methods in the providing of the candle;

h) Failing to disclose to the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

i) Failing to exercise reasonable care in the manufacturing, designing and/or selling the candle;

j) Res Ipsa Loquitur;

k) Engaging in activities that caused the candle to break, explode and/or ignite.

97. As a direct and proximate result of the careless and negligent conduct as aforesaid, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

## COUNT XIX
## PLAINTIFF MICHALE MASTRO vs. DEFENDANT D3
## NEGLIGENCE

94.  Plaintiff incorporates paragraphs (1-93) as though set forth at length herein.

95.  The defendant is vicariously liable for the acts and/or omissions of its agents, servants, workmen and/or employees under the doctrine of respondeat superior.

96.  All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the careless and negligent conduct of the defendant in the following manner:

a)  Failing to properly and/or adequately warn the plaintiff of the dangerous condition of the candle;

b)  Failing to properly and/or adequately train and/or monitor and/or control its employees;

c)  Failing to disclose to the plaintiff that the candle was defective and/or unreasonably dangerous;

d)  Failing to properly and/or adequately manufacture the candle;

e)  Failing to properly and/or adequately inspect the candle;

f)  Failing to properly and/or adequately design the candle;

g)  Failing to provide, establish and/or follow proper and/or adequate quality control methods in the providing of the

candle;

h)   Failing to disclose to the plaintiff, that the
candle was defectively and/or unreasonably prepared thereby
making the product dangerous to use;

i)   Failing to exercise reasonable care in the
manufacturing, designing and/or selling the candle;

j)   Res Ipsa Loquitur;

k) Engaging in activities that caused the candle to
break, explode and/or ignite.

97. As a direct and proximate result of the careless and
negligent conduct as aforesaid, plaintiff has suffered the
injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and
against the defendant, in an amount in excess of Fifty Thousand
Dollars ($ 50,000.00) together with costs, interest and other
relief as is proper and just.  Said amount is in excess of this
jurisdictions compulsory arbitration limits.

### COUNT XX
### PLAINTIFF MICHALE MASTRO vs. DEFENDANT D4
### NEGLIGENCE

98. Plaintiff incorporates paragraphs (1-97) as though set
forth at length herein.

99. The defendant is vicariously liable for the acts and/or
omissions of its agents, servants, workmen and/or employees under
the doctrine of respondeat superior.

100. All the resultant losses, damages, and injuries

Case ID: 230303577

sustained by plaintiff, as set forth above, were directly and proximately caused by the careless and negligent conduct of the defendant in the following manner:

a)  Failing to properly and/or adequately warn the plaintiff of the dangerous condition of the candle;

b)  Failing to properly and/or adequately train and/or monitor and/or control its employees;

c)  Failing to disclose to the plaintiff that the candle was defective and/or unreasonably dangerous;

d)  Failing to properly and/or adequately manufacture the candle;

e)  Failing to properly and/or adequately inspect the candle;

f) Failing to properly and/or adequately design the candle;

g)  Failing to provide, establish and/or follow proper and/or adequate quality control methods in the providing of the candle;

h)  Failing to disclose to the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

i)  Failing to exercise reasonable care in the manufacturing, designing and/or selling the candle;

j)  Res Ipsa Loquitur;

k) Engaging in activities that caused the candle to

break, explode and/or ignite.

101. As a direct and proximate result of the careless and
negligent conduct as aforesaid, plaintiff has suffered the
injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and
against the defendant, in an amount in excess of Fifty Thousand
Dollars ($ 50,000.00) together with costs, interest and other
relief as is proper and just. Said amount is in excess of this
jurisdictions compulsory arbitration limits.

### COUNT XXI
### PLAINTIFF MICHALE MASTRO vs. DEFENDANT D5
### NEGLIGENCE

102. Plaintiff incorporates paragraphs (1-101) as though set
forth at length herein.

103. The defendant is vicariously liable for the acts and/or
omissions of its agents, servants, workmen and/or employees under
the doctrine of respondeat superior.

104. All the resultant losses, damages, and injuries
sustained by plaintiff, as set forth above, were directly and
proximately caused by the careless and negligent conduct of the
defendant in the following manner:

a) Failing to properly and/or adequately warn the
plaintiff of the dangerous condition of the candle;

b) Failing to properly and/or adequately train and/or
monitor and/or control its employees;

c) Failing to disclose to the plaintiff that the

candle was defective and/or unreasonably dangerous;

      d)   Failing to properly and/or adequately manufacture the candle;

      e)   Failing to properly and/or adequately inspect the candle;

      f) Failing to properly and/or adequately design the candle;

      g)   Failing to provide, establish and/or follow proper and/or adequate quality control methods in the providing of the candle;

      h)   Failing to disclose to the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

      i)   Failing to exercise reasonable care in the manufacturing, designing and/or selling the candle;

      j)   Res Ipsa Loquitur;

      k) Engaging in activities that caused the candle to break, explode and/or ignite.

    105. As a direct and proximate result of the careless and negligent conduct as aforesaid, plaintiff has suffered the injuries and damages more fully set forth above.

    **WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this

jurisdictions compulsory arbitration limits.

### COUNT XXII
### PLAINTIFF MICHALE MASTRO vs. DEFENDANT D6
### NEGLIGENCE

106. Plaintiff incorporates paragraphs (1-105) as though set forth at length herein.

107. The defendant is vicariously liable for the acts and/or omissions of its agents, servants, workmen and/or employees under the doctrine of respondeat superior.

108. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the careless and negligent conduct of the defendant in the following manner:

a) Failing to properly and/or adequately warn the plaintiff of the dangerous condition of the candle;

b) Failing to properly and/or adequately train and/or monitor and/or control its employees;

c) Failing to disclose to the plaintiff that the candle was defective and/or unreasonably dangerous;

d) Failing to properly and/or adequately manufacture the candle;

e) Failing to properly and/or adequately inspect the candle;

f) Failing to properly and/or adequately design the candle;

g) Failing to provide, establish and/or follow proper

Case 2:23-cv-02555-JDS Document 1 Filed 07/03/23 Page 60 of 65

and/or adequate quality control methods in the providing of the candle;

     h)   Failing to disclose to the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

     i)   Failing to exercise reasonable care in the manufacturing, designing and/or selling the candle;

     j)   Res Ipsa Loquitur;

     k) Engaging in activities that caused the candle to break, explode and/or ignite.

109. As a direct and proximate result of the careless and negligent conduct as aforesaid, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just.  Said amount is in excess of this jurisdictions compulsory arbitration limits.

### COUNT XXIII
### PLAINTIFF MICHALE MASTRO vs. DEFENDANT D7
### NEGLIGENCE

110. Plaintiff incorporates paragraphs (1-109) as though set forth at length herein.

111. The defendant is vicariously liable for the acts and/or omissions of its agents, servants, workmen and/or employees under the doctrine of respondeat superior.

112. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the careless and negligent conduct of the defendant in the following manner:

a) Failing to properly and/or adequately warn the plaintiff of the dangerous condition of the candle;

b) Failing to properly and/or adequately train and/or monitor and/or control its employees;

c) Failing to disclose to the plaintiff that the candle was defective and/or unreasonably dangerous;

d) Failing to properly and/or adequately manufacture the candle;

e) Failing to properly and/or adequately inspect the candle;

f) Failing to properly and/or adequately design the candle;

g) Failing to provide, establish and/or follow proper and/or adequate quality control methods in the providing of the candle;

h) Failing to disclose to the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

i) Failing to exercise reasonable care in the manufacturing, designing and/or selling the candle;

j) Res Ipsa Loquitur;

Case 2:23-cv-02550-SDD Document 1 Filed 07/03/23 Page 62 of 65

k) Engaging in activities that caused the candle to break, explode and/or ignite.

113. As a direct and proximate result of the careless and negligent conduct as aforesaid, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdictions compulsory arbitration limits.

**COUNT XXIV**
**PLAINTIFF MICHALE MASTRO vs. DEFENDANT D8**
**NEGLIGENCE**

114. Plaintiff incorporates paragraphs (1-113) as though set forth at length herein.

115. The defendant is vicariously liable for the acts and/or omissions of its agents, servants, workmen and/or employees under the doctrine of respondeat superior.

116. All the resultant losses, damages, and injuries sustained by plaintiff, as set forth above, were directly and proximately caused by the careless and negligent conduct of the defendant in the following manner:

a) Failing to properly and/or adequately warn the plaintiff of the dangerous condition of the candle;

b) Failing to properly and/or adequately train and/or monitor and/or control its employees;

c)  Failing to disclose to the plaintiff that the candle was defective and/or unreasonably dangerous;

d)  Failing to properly and/or adequately manufacture the candle;

e)  Failing to properly and/or adequately inspect the candle;

f)  Failing to properly and/or adequately design the candle;

g)  Failing to provide, establish and/or follow proper and/or adequate quality control methods in the providing of the candle;

h)  Failing to disclose to the plaintiff, that the candle was defectively and/or unreasonably prepared thereby making the product dangerous to use;

i)  Failing to exercise reasonable care in the manufacturing, designing and/or selling the candle;

j)  Res Ipsa Loquitur;

k) Engaging in activities that caused the candle to break, explode and/or ignite.

117. As a direct and proximate result of the careless and negligent conduct as aforesaid, plaintiff has suffered the injuries and damages more fully set forth above.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other

relief as is proper and just.  Said amount is in excess of this

jurisdictions compulsory arbitration limits.


BY: _____/S/_____
     ALLAN J. AIGELDINGER III, ESQUIRE
     Attorney for Plaintiff(s)

## <u>VERIFICATION</u>

I am the PLAINTIFF in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief and I understand that the statement made therein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities

DATE: _____                      Ⓧ _____